UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOLANDA KINDELL** | **CIVIL ACTION NO:** |
| **VERSUS** | **JUDGE:** |
| **JRKW ENTERPRISES, LLC d/b/a HUCK FINN'S CAFFE JEFFREY LESTER ROGERS, KRISTIAN RAPHAEL WADLEIGH, and DAKOTA CROCHET** | **MAGISTRATE:** |

**COMPLAINT**

Plaintiffs alleges as follows by and through their counsel:

**I.**
**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. §§ 1331 (federal question), 1343 (civil rights), 1367 (supplemental), 2202 (injunctive relief).

2. This Court has subject matter jurisdiction pursuant to 42 U.S.C. §§ 1981, 1985 and 1988 as the nature of the case ensues from violations of federal statutes. Subject matter jurisdiction, through supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, exists as to state claims under Louisiana Civil Code Article 2315 and 2316. Venue is proper as the events occurred within the judicial district of the court pursuant to 28 U.S.C. §1391(b) (1) & (2) in that Defendants maintain the establishment in question within this judicial district, and the majority of the events comprising the federal claims have occurred within this judicial

district. The matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## II.
## THE PARTIES

3. Plaintiff herein is JOLANDA KINDELL is an African-American person of the full age of majority domiciled in the Parish of Orleans, State of Louisiana.

4. Defendant JRKW ENTERPRISES, LLC d/b/a HUCK FINN'S CAFE (hereinafter "HUCK FINN'S") is a domestic Limited Liability Company with its registered office in the Parish of Orleans, State of Louisiana.

5. Defendant JEFFREY LESTER ROGERS is a person of the full age of majority domiciled in the Parish of St. Tammany, State of Louisiana

6. Defendant KRISTIAN RAPHAEL WADLEIGH is a person of the full age of majority domiciled in the Parish of Lafayette, State of Louisiana

7. Defendant DAKOTA CROCHET is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana.

8. At all times relevant herein, Defendants own, operate and control the HUCK FINN'S CAFÉ located 135 Decatur Street, New Orleans, Louisiana and control the employment, training, customer service and all other aspects of Huck Finn's Café.

9. Upon information and belief, that at all times relevant herein, each and any of Defendant was the agent, servant, employee, and/or co- conspirator the other, and that each of the acts and omissions herein were done by and on behalf of each Defendant and in each Defendant's capacity as the agent, servant, employee, and/or co-conspirator of the other.

10. Based upon the foregoing relationships among the parties, Defendants are responsible under the theories of respondeat superior, actual agency, apparent agency, direct liability and/or assumption of liability for all causes of action set forth below.

### III.
### STATEMENT OF FACTS

10. Huck Finn's Café is a restaurant in the French Quarter neighborhood in New Orleans, LA. It is owned by Defendant JRKW Enterprises, LLC. JRKW Enterprises has two members; Defendant Lester Rogers and Defendant Kristian Wadleigh.

11. On May 21, 2015, a group of persons, including plaintiff, dined at Huck Finn's Café during lunchtime. Their waiter was Defendant Dakota Crochet.

12. Plaintiff ordered a catfish dish from the menu. When her meal arrived she was dissatisfied and advised her waiter about her displeasure. She politely asked that the meal be sent back to the kitchen so that it could be corrected to her satisfaction.

13. At the conclusion of their lunch, Defendant Crochet brought the receipt. The receipt reflected the fact that the restaurant issued a credit on the bill for the amount of the improperly prepared catfish dish. However, the receipt also contained a notation beneath the credit, apparently explaining the reason for the credit, stating, "***Nigger 100% dislike.***" Understandably, the entire group, including plaintiff, became extremely upset. Plaintiff also became fearful after receiving this racially charged threat. One member of the group left the others to bring the receipt to the manager's attention after which the group received the receipt a second time with the racial slur still present.

14. Being called this extremely offensive, threatening, and unlawful racial epithet has caused Plaintiff to suffer pain, suffering, humiliation, mental anguish, emotional distress, extreme embarrassment. Plaintiff has incurred medical, related, and other expenses as a result of this incident.

15. The manager assured the plaintiff that Defendant Dakota Crochet would be fired immediately. However, the group returned to the restaurant later to find Crochet still working.

16. Defendants have the authority to create, implement, and monitor policies to prevent, stop and rectify such racial discrimination by their employees.

17. The Defendants failed to properly hire, train, and supervise their employees and failed to maintain an environment free from discriminatory actions and threats.

18. Upon information and belief, Defendants maintain hiring, control, oversight, and direction over the operation of the Huck Finn's cafe.

19. Upon information and belief, Defendants knew or should have known that the racial slur and threat appeared on plaintiff's receipt.

20. Upon information and belief, that Defendants and/or their employees have a custom and practice of threatening minorities by using racially charged insults.

21. This intolerable discrimination, directed at Plaintiff, is unacceptable in any place of public accommodation.  Rather than operate within the requirements of the law and within social boundaries of common decency and public policy, HUCK FINN'S created, supported, and maintained an abusive and hostile environment for Plaintiff based on her race.

22. These acts, including the acts of ratification of the discrimination and bias, were intentionally calculated and done to make Plaintiff's experience so intolerable and unequal as to bar them

and others similarly situated from the restaurant, in the future, in the same manner, as if they were forcibly removed from Huck Finn's cafe.

23. As such, Plaintiff have experienced and will experience in the future the following, including but not limited to: inability to sleep, extreme humiliation, embarrassment, loss of enjoyment of life, alienation, distress, lost wages, medical expenses and mental anguish for which she seeks compensatory and punitive damages.

24. As such, Plaintiff has required medical and mental health treatment as a result of this incident.

### III.
### FIRST CAUSE OF ACTION
**Federal Race Discrimination in Violation of 42 U.S.C. §2000a(a)** *et seq.*

25. Plaintiff pleads the foregoing in full detail as if set forth herein at length.

26. 42 U.S.C. §2000a provides that all persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation without discrimination or segregation on the grounds of race.

27. Defendant HUCK FINN'S is a public accommodation under Title II of the Civil Rights Act of 1964, 42 U.S.C. §2000a(b)(2).

28. The operation of Defendant, HUCK FINN'S, affects commerce within the meaning of 42 U.S.C. §2000a(c)(2).

29. Defendants denied Plaintiff full and equal enjoyment of the goods, services, entertainment, facilities, privileges, advantages, and accommodations of HUCK FINN'S and the French Quarters because of their race when HUCK FINN'S employees created, maintained, printed, published, and distributed two receipts bearing anti-African American/ African racial epithets, while similarly situated non-African American customers were given receipts with no such epithets.

30. Defendants have implemented a policy or practice of denying African/ African American customers, including Plaintiff, on account of race, the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of HUCK FINN'S on the same basis as it makes such available to non-African/ African American customers. This policy has been carried out by denying African-American customers, including Plaintiff, and her companions, equal treatment in terms of the derogatory slur displayed on HUCK FINN'S computer screen, printed on receipts, and published to Plaintiff, other HUCK FINN'S employees, and possibly credit card companies. Defendants' acts were calculated, and had the effect of discouraging African American customers, including Plaintiffs, from visiting HUCK FINN'S.

31. Defendants' conduct constitutes both disparate treatment and disparate impact in deliberate and substantial disregard of Plaintiff's rights.

32. As a direct and proximate result of Defendants' actions or inactions, Plaintiff has suffered and continues to suffer injury, loss, and damages in an amount according to proof and is entitled to recover from Defendants monetary damages and costs and attorneys' fees.

## SECOND CAUSE OF ACTION
**Federal Race Discrimination in Violation of 42 U.S.C. §1981 *et seq*.**

33. Plaintiff pleads the foregoing in full detail as if set forth herein at length.

34. Title 42, U.S.C. §1981 provides that all persons shall have the same right to make and enforce contracts, and to do so freely of racial discrimination and harassment.

35. HUCK FINN'S place of business that offers members of the public the opportunity to contract for entertainment, exhibition, services, food, drinks among other purchases made available to the public.

36. Upon information and belief, Defendants intentionally denied Plaintiff the same rights Defendants afford to other non-African American persons to make and enforce such contracts,

by intentionally engaging in racial discrimination against Plaintiff in violation of §1981 by implementing, sustaining, supporting, ratifying and failing to monitor a pattern and practice of refusing to contract with Plaintiff on equal terms when HUCK FINN'S employees created racially offensive and derogatory receipts.

37. Upon information and belief, Defendants were motivated by racial animus when they refused to contract on equal terms with Plaintiff on the basis of his race.

38. As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered and continues to suffer mental anguish, embarrassment, humiliation, and apprehension, and is entitled to compensation for such injuries as well as other monetary damages, costs and attorneys' fees.

## THIRD CAUSE OF ACTION
### Conspiracy in Violation of 42 U.S.C. § 1985, *et seq*.

50. Plaintiffs plead the foregoing in full detail as if set forth herein at length.

51. Defendants' acts as alleged herein constitute racial discrimination under 42 U.S.C. § 1985, *et seq*. Among other things, Defendants and their employees and/or agents, or any combination thereof, conspired to deprive Plaintiffs of the equal protection of the law and/or the equal privileges and immunities provided under the law.  This unlawful conduct is prohibited under 42 U.S.C. § 1985, *et seq*., which makes it unlawful for two or more persons in any state to conspire for the purposes of depriving, either directly or indirectly, any person or class of persons the equal protection of the law, or any equal privileges and immunities under the law.

52. A number of Defendants' employees, including Defendant Dakota Crochet, saw the racially incendiary racial epithets entered on Plaintiff's receipts, but did nothing to change them. These same employees printed and distributed copies of those receipts to twice, with full knowledge of their contents, and with full knowledge of the fact that other patrons, other employees and possibly any and all credit card companies used for payment would be able to view their content.

53. Defendants' conduct was deliberate and with substantial disregard to Plaintiff's rights.

54. Plaintiff was injured by this conspiracy and deprived of her rights and privileges under the law.

55. As direct and proximate result of Defendants' conduct, and Plaintiffs suffered and continues to suffer mental anguish, embarrassment, humiliation, and apprehension, and is entitled to compensation for such injuries as well as other damages to be proved at trial, and attorneys' fees as set forth below. The Defendant's conduct was the cause in fact of the plaintiffs' injuries and damages.

## FOURTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
### Louisiana Civil Code article 2315.

56. Plaintiff pleads the foregoing in full detail as if set forth herein at length.

57. Defendants, by and through their employees or agents, engaged in the shocking, extreme and outrageous conduct alleged herein intentionally and maliciously for the purpose of causing Plaintiff to suffer humiliation, mental anguish, apprehension, and severe emotional distress.

58. Defendants' conduct is the type that cannot be tolerated in a civilized society and violates public policy. Defendants used, supported and ratified a highly offensive and derogatory racial epithet in their computer system and on printed receipts that were handed to Plaintiff and could be seen by employees and any credit card company or financial institution used for payment. The epithet was shared with other employees who joined in on the mockery and oppression.

59. Defendants' conduct was extreme and outrageous and in reckless disregard for Plaintiff's feelings, dignity, or fundamental rights as a human being.

60. When they patronized the establishment, Plaintiffs believed that they were welcome because of HUCK FINN'S signature hospitality as advertised on their website. HUCK FINN'S and their employees knew their conduct was outrageous, extreme, and hurtful; all the while,

Plaintiffs did not learn that they were the subject of racial threats until they discovered what was written on the receipts.

61. The Defendants' actions were the cause in fact of the Plaintiff's injuries and these outrageous acts by Defendants conducted without due care or common decency, Plaintiff suffered and continues to suffer humiliation, mental anguish, apprehension, and severe emotional distress.

62. HUCK FINN'S and their employees were acting within the course and scope of their employment.

63. Defendants may be held liable for the acts of their employees, agents, and/or assigns.

64. As a direct, proximate, and legal result of the conduct of Defendants' failure to meet the applicable standards of care, and in breach of their duty to Plaintiff, Plaintiff has suffered and continues to suffer injury, mental anguish, severe emotional distress, harm, and damages, and therefore is entitled to recover damages from Defendants, according to proof at trial. Defendants' conduct is the cause in fact of the Plaintiffs' damages and injuries.

## FIFTH CAUSE OF ACTION
### Negligence
### Louisiana Civil Code article 2315-16

65. Plaintiff pleads the foregoing in full detail as if set forth herein at length.

66. Defendants owed Plaintiff a duty of care to exercise reasonable care in their regulation and management of the HUCK FINN'S café/ restaurant, including the duty to exercise reasonable care in hiring and/or supervising and/or training those acting on their behalf and at their direction and under their name in serving customers at this restaurant.

67. Defendants negligently breached their duty of care to Plaintiff so as to fall well below the applicable standard of care and directly, proximately, and legally cause harm to Plaintiff as described herein, specifically by (i) failing to comply with the federal, state, and city civil rights

laws that mandate equal treatment and prohibit racial discrimination; and (ii) failing to adequately hire and/or supervise and/or train those acting on their behalf and at their direction and under their name in serving customers at this restaurant. The breach fell within the scope of this duty, the injury this particular duty is set to protect against, this particular harm and caused damages. The Defendant's breach was the cause in fact of the Plaintiffs' injuries. The injury was forseeable.

68. Defendants knew or should have known that their failure to exercise due care during the times in question alleged herein, and their failure to train and supervise employees or agents, their entry of the racial epithets into the computer, the failure to immediately fire the employee, allowing the employee to continue working, the display of those racial epithets in the computer system and on the computer screen, which were visible to employees who checked orders and who joined in on the mockery and oppression, printing and handing the receipts bearing the racial epithets to Plaintiffs would cause Plaintiffs severe emotional distress among other damages.

69. HUCK FINN'S and their employees were acting within the course and scope of their employment.

70. Defendants may be held liable for the acts of their employees, agents, and/or franchisees.

71. As a direct, proximate, and legal result of the conduct of Defendants' failure to meet the applicable standards of care, and in breach of their duty to Plaintiff, Plaintiff has suffered and continues to suffer injury, mental anguish, severe emotional distress, harm, and damages, and therefore is entitled to recover damages from Defendants, according to proof at trial. The Defendants' conduct, actions and inactions were the cause in fact of the Plaintiffs' injuries.

## SIXTH CAUSE OF ACTION
**PUNITIVE DAMAGES**

72. Plaintiff is entitled to and seeks punitive damages.

## IV.
## JURY DEMAND

73. Plaintiff hereby demands a jury trial of all issues so triable.
74.

## V.
## PRAYER FOR RELIEF

Plaintiff prays for judgment against Defendants as follows:

(a)     Awarding Plaintiff damages incurred as a result of violating her federal and state rights;
(b)     Awarding punitive damages;
(c)     Awarding attorneys' fees; costs and disbursements in this lawsuit;
(d)     Granting such other and further relief as the Court may deem just, proper and equitable;
(e)     Judicial interest from the date of judicial demand until paid;
(f)     All other relief to which plaintiff is entitled.

**WHEREFORE,** plaintiff prays that this Honorable Court issues summon and complaint on all Defendant parties, and they are made to appear and answer same. Plaintiffs further pray that, after all legal delays and due proceedings that, judgment is issued in favor of Plaintiffs and against Defendants for all general and equitable relief proper in premise including but not limited to court cost, attorney fees, out of pocket expenses, penalty and interest from the judicial date of demand until paid in full.

Respectfully submitted,

**CHEHARDY, SHERMAN, WILLIAMS,
MURRAY, RECILE, STAKELUM
& HAYES, LLP**

*/s/ James M. Williams*

_____
JAMES M. WILLIAMS, BAR NO. 26141
One Galleria Boulevard, Suite 1100
Metairie, Louisiana   70001
Telephone: 504-833-5600
Facsimile: 504-833-8080

- AND -

ERIC A. WRIGHT
McMillian & Wright, LLC
3732 Canal Street
New Orleans, Louisiana 70119
Telephone: 504-525-5025
Facsimile: 504-483-8244